UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROGER RANDOLPH,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 2:18-cv-00449-RFB-VCF

ORDER

This habeas petition is before the court on petitioner Roger Randolph's motion for a stay in accordance with *Rhines v. Weber* (ECF No. 26). Respondents filed a notice of non-opposition (ECF No. 27). The motion is granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Randolph explains that he has not previously presented federal ground 3 to the state courts (ECF No. 26).  In ground 3 he contends that he was denied the right to choose whether to concede guilt at trial in violation of the Sixth Amendment (ECF No. 24, pp. 10-12).  He states that ground 3 is based on a new rule of constitutional law set forth by the Supreme Court in its May 2018 decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).  In *McCoy*, the Court held that a defendant has the Sixth Amendment right to insist that his or her counsel refrain from admitting guilt. *Id*. at 1505.  Randolph states that he filed a state petition for writ of habeas corpus raising the unexhausted claim in May 2019 (ECF No. 26, p. 2).

Respondents state that they do not concede that *McCoy* constitutes a new rule of constitutional law, but they do not oppose the motion to stay while Randolph explores possible legal avenues in state court (ECF No. 27).  Especially in light of respondents' non-opposition, petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 26) of this federal habeas corpus proceeding is **GRANTED**.

1  **IT IS FURTHER ORDERED** that respondents' motion for extension of time to file
2  a response to the petition (ECF No. 28) is **DENIED** as moot.
3  **IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution
4  of petitioner's state-court proceedings.
5  **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner
6  returning to federal court with a motion to reopen the case within 45 days of the
7  issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the
8  state court proceedings on the postconviction habeas petition.
9  **IT IS FURTHER ORDERED** that the Clerk SHALL ADMINISTRATIVELY CLOSE
10 this action, until such time as the court grants a motion to reopen the matter.

DATED: June 11, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE