UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER RANDOLPH,<br><br>　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　Respondents. | Case No. 2:18-cv-00449-RFB-VCF<br><br>**ORDER** |

Respondents have moved to dismiss Roger Randolph's second-amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 38). On November 10, 2021, Randolph, now represented by the Federal Public Defender (FPD), filed a motion to strike, or in the alternative, motion for more definite statement (ECF No. 56). Respondents opposed, and Randolph replied (ECF Nos. 58, 60). The court grants the motion; thus, the motion to dismiss is denied without prejudice, and respondents must file a new motion to dismiss adequately setting forth their statute of limitations defense or abandoning that defense.

In their motion to dismiss, respondents acknowledge that Randolph's original pro se federal petition was timely filed (ECF No. 38, p. 6). They argue that the statute of limitations expired before Randolph filed his first-amended petition, and therefore, the first and second-amended petition are both untimely. They thus conclude that the second-amended petition is time-barred in its entirety:

> This Court received Randolph's original pro per habeas petition on March 12, 2018. ECF No. 8. The AEDPA limitations period expired before Randolph filed his First Amended Petition on June 19, 2018. ECF No. 14. The Second Amended Petition currently before this Court was also filed well after the expiration of the

AEDPA limitations period, on April 24, 2019. ECF No. 24. Filing a federal habeas action does not result in statutory tolling of the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 180 (2001).

As a result, absent Randolph showing that individual claims of the Second Amended Petition are timely under the delayed accrual provisions of 28 U.S.C. § 2244(d)(1)(B) through (D), his Second Amended Petition is untimely in its entirety. Randolph may, however, be able to avoid dismissal of any untimely claims if he satisfies his burden of establishing that he is actually innocent, that he is entitled to equitable tolling, or that his claims relate back to a timely filed petition. *McQuiggin v. Perkins*, 569 U.S. 383 (2013) (acknowledging that a claim of actual innocence can overcome the AEDPA statute of limitations); *Smith v. Davis*, 953 F.3d 582, 588-89 (9th Cir. 2020) (en banc) (addressing the standard for establishing equitable tolling); *Ross v. Williams*, 950 F.3d 1160, 1167, 1172 (9th Cir. 2020) (identifying standard requiring a petitioner to show that "each claim in the amended petition" relates back to a prior timely filed pleading and acknowledging that a court may dismiss a petition as untimely where the pleadings or additional briefing fail to "identify the specific portions of an earlier pleading that contain the relevant factual material to which the new pleading is attempting to relate back").

ECF No. 38, pp. 6-7.

In his motion to strike, Randolph points out that, for example, a cursory reading of ground two in the second-amended petition and a claim raised in the pro se petition shows that ground two relates back (ECF No. 60, p. 7, citing ECF No. 24, pp. 8-9 and ECF No. 1-1, pp. 11-12).

Under the Federal Rules of Civil Procedure, an amended pleading relates back to the date of an earlier pleading when "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle v. Felix*, 545 U.S. 644, 649 (2005). However, a claim in an amended habeas petition does not meet the relation-back standard "when it asserts a new ground for relief supported by facts that differ in both time and type from the original pleading …." *Mayle*, 545 U.S. at 650.

The AEDPA statute of limitations applies on a claim-by-claim basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1170–71 (9th Cir. 2012). With respect to Randolph's second-amended petition, this means that the timeliness of each of Randolph's claims under the statute of limitations turns on whether each claim, independently, relates back to a claim in a timely filed petition. Respondents do not, in their motion to dismiss, specify which of Randolph's claims or subclaims

are allegedly barred by the statute of limitations. Respondents also do not appear to argue that all of Randolph's claims are barred by the statute of limitations—in fact they specifically note that Randolph may be able to demonstrate that some claims relate back to a timely-filed petition. However, because respondents do not specify which claims or subclaims are subject to their statute of limitations defense, they have failed to state their position with respect to that defense. Respondents do not give Randolph fair notice of their defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Federal Rule of Civil Procedure 8(b)(1)(A) states that "[i]n responding to a pleading, a party must … state in short and plain terms its defenses to each claim asserted against it…." Because respondents' statute of limitations defense is subject to a claim-by-claim analysis—they must do more, to properly plead their statute of limitations defense, than provide a formulaic recitation of the law governing the statute of limitations and an allegation that the second-amended petition was filed after the expiration of the limitations period. *See also* Rule (b) of the Rules Governing Section 2254 Cases in the United States District Courts (respondents' "answer must . . . state whether any claim in the petition is barred by a . . . statute of limitations"). At minimum, respondents must give Randolph fair notice which of his claims or subclaims are subject to the defense.

**IT IS THEREFORE ORDERED** that petitioner's motion to strike, or, in the alternative, motion for a more definite statement (ECF No. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 38) is **DENIED** without prejudice to respondents filing a new motion to dismiss that adequately sets forth their statute of limitations defense or abandoning that defense.

**IT IS FURTHER ORDERED** that respondents have **30 days** from the date of this order to file their new motion to dismiss. In all other respects, the schedule for further proceedings set forth in the order entered on April 9, 2021 (ECF No. 33) remains in effect.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file an opposition to the motion to dismiss (ECF No. 57) is **DENIED** as moot.

DATED: 16 May 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE