UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER RANDOLPH, | Case No. 2:18-cv-00449-RFB-MDC |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

Roger Randolph has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his first-degree murder conviction on numerous bases, including insufficiency of the evidence and prosecutorial misconduct. ECF No. 24. Randolph now moves for an evidentiary hearing on two grounds. ECF No. 93. Because the Court agrees with Randolph that the remaining claims can be resolved without further factual development, the motion is denied.

**I.  BACKGROUND**

In February 2012, a jury convicted Randolph of first-degree murder with use of a deadly weapon, and discharging a weapon where a person might be endangered. Exh. 165.[1] Randolph had had an argument with the victim at the victim's apartment complex. He drove away from the complex, then returned and shot the victim three times with a semiautomatic rifle, killing him. See Exh. 151 at 34. Before trial, the State filed a notice of intent to seek the death penalty. See ECF No. 24 at 2. The state district court held an Atkins[2] hearing and declined to strike the death notice. Exh. 65. The state district court sentenced Randolph to 20 years to life for the murder,

---

[1] Exhibits referenced in this order are found at ECF Nos. 41-54.
[2] In Atkins v. Virginia, 536 U.S. 304 (2002), the Court held that execution of mentally retarded criminals violates the Eighth Amendment's prohibition of cruel and unusual punishment.

1

with a consecutive term of 60 to 192 months for the deadly weapon enhancement, and 12 months for the discharging a weapon count, to run concurrently. Exh. 169. Judgment of conviction was entered on May 11, 2012. Exh. 170.

The Nevada Supreme Court affirmed his convictions in January 2015, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in June 2017. Exhs. 194, 235. Randolph dispatched his federal petition for mailing about March 2018. ECF No. 8. This Court granted his motion for counsel and appointed the Federal Public Defender ("FPD") to represent him. Randolph filed a counseled, second-amended petition in April 2019. ECF No. 24. The FPD also filed a second state postconviction petition in September 2019. Exh. 241. The Nevada Supreme Court affirmed the denial of that petition as procedurally barred in January 2021.

## II.     LEGAL STANDARDS & ANALYSIS

With his motion for evidentiary hearing, Randolph argues that the Court "can resolve the petition in his favor and grant relief without any further factual development. However, if the Court does not believe it can rule in Randolph's favor on the current record, it should set this case for an evidentiary hearing so Randolph can present additional evidence to support his claims." ECF No. 93 at 2. Randolph states that an evidentiary hearing may be necessary to resolve any material facts that remain in dispute as to Grounds 3 and 9. Ground 3 is the claim that Randolph was denied the right to choose whether to concede guilt (McCoy concession claim). ECF No. 24 at 10-12. He states that he would consider calling his trial counsel, additional (unidentified) witnesses, and would consider testifying himself. ECF No. 93 at 6. Ground 9 is the Claim he was denied the right to have a jury venire selected from a fair cross-section of society (fair cross-section claim). ECF No. 24 at 21-23. Randolph states that he would consider calling the jury commissioner or others to testify about jury selection practices at the time of trial. ECF No. 93 at 6.

The availability of evidentiary hearings in habeas cases is limited by 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the

2

claim" in only two circumstances, neither of which apply to in this case. For the purposes § 2254(e)(2), failure to develop the factual basis of a claim is established if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000) (Michael Williams). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.

### A. Ground 3 - McCoy Concession Claim

Randolph argues that § 2254(e)(2) does not foreclose an evidentiary hearing in this Court because he did not fail to develop the factual bases for his claims in the Nevada courts. He argues that he attempted to develop the factual bases for Ground 3 by pursuing the claim in his second state postconviction petition, which he filed within a year of the U.S. Supreme Court's decision in McCoy v. Louisiana. 138 S. Ct. 1500 (2018). McCoy held that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on maintaining his or her innocence. Id. at 1509.

The Supreme Court of Nevada concluded that Randolph's second state postconviction petition was procedurally barred because it was untimely filed under NRS 34.726 and second and successive under NRS 34.810. Exh. 263. In rejecting Randolph's argument that the McCoy decision provided good cause to excuse his failure to file a timely petition, the court held that McCoy was distinguishable and therefore did not provide good cause to overcome the procedural default:

> McCoy holds that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. McCoy differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. Id. (quoting Florida v. Nixon, 543 U.S. 175, 181 (2004)). Although McCoy noted that the decision to concede was similar in nature to other decisions reserved to a defendant, like "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," id. at 1508, McCoy does not require consent or canvass. It only requires that counsel not pursue a concession strategy over a defendant's objection. Id. at 1509-10; see also Nixon, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the

3

> functional equivalent of a guilty plea).[FN1] Here, trial counsel admitted in opening statement and closing argument that Randolph committed second-degree murder, while arguing that Randolph lacked the requisite intent for first-degree murder. During a canvass after jury selection and before trial, Randolph expressly consented to counsel's strategy. McCoy is distinguishable because Randolph never opposed the concession and expressly consented during the pretrial canvass. . . . Accordingly, Randolph has not shown that McCoy provides good cause, and the district court correctly applied the mandatory procedural bars.[FN2] See State v. Eighth Judicial Dist. Court (Riker), 112 P.3d 1070, 1074 (Nev. 2005).
>
> [FN1: Notably, McCoy did not alter the holding in Nixon. McCoy, 138 S. Ct. at 1509.]
>
> [FN2: We reject the State's argument that Randolph may only argue ineffectiveness of counsel in a postconviction habeas petition and thus may not raise a McCoy claim in a postconviction habeas petition. The McCoy claim was permissible, albeit subject to the procedural bars. See NRS 34.724(1) (Any person convicted of a crime and under sentence of . . . imprisonment who claims that the conviction was obtained. . . in violation of the Constitution of the United States or the Constitution or laws of this State. . . may. . . file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction. . . ."); NRS 34.810(b)(waiver bar).]

Exh. 263 at 3-4.

Randolph previously argued to this Court that its determination regarding ground 3 turns on whether this Court agrees with the Nevada Supreme Court's determination that McCoy is distinguishable. See ECF No. 68 at 24-26. Randolph was correct. The claim is record-based, and therefore, an evidentiary hearing is not warranted.

**B. Ground 9 - Fair Cross-Section Claim**

The Nevada Supreme Court rejected Randolph's challenge to the composition of the jury venire on direct appeal:

> Randolph argues that the district court erred [in violation of his Sixth Amendment right to a venire that did not systematically exclude distinctive groups in the community] when it did not expand the jury venire with the goal of adding an African-American. However, Randolph has put forth no evidence of systematic exclusion, and did not attempt to procure demographic information. . . . Randolph argues that the district court does not keep statistics about the jury venire process, but the record does not demonstrate that Randolph ever asked the court for jury venire statistics. . . . Thus, we conclude Randolph's argument lacks merit because Randolph never requested the necessary statistics and he failed to show "systematic[] exclu[sion]."

4

Exh. 194 at 15-16.

Randolph states in his motion that the trial court failed to hold a hearing on the racial composition of the jury venire. ECF No. 93 at 6. But he does not state that the defense requested a hearing, and the record reflects no such request. Exh. 150 at 4-5. Randolph did not pursue this claim beyond direct appeal. He never sought an evidentiary hearing in state court, thus he failed to develop the record under the § 2254(e)(2) standard. Williams, 529 U.S. at 432, 437. That forecloses an evidentiary hearing on ground 9 in this Court.

The Court, therefore, denies the motion for evidentiary hearing. Randolph's second-amended petition now stands briefed for this Court's merits determination in due course.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that petitioner's motion for evidentiary hearing, (ECF No. 93), is **DENIED**.

**DATED:** March 28, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

5